Good morning, my name is Casey Noakes. I'm here on behalf of the appellant, Mr. Roberto Garcia. Mr. Garcia is appealing a Board of Immigration Appeals ruling that he is removable to Mexico on the basis of having committed an aggravated felony. Mr. Garcia asserts that the BIA erred in coming to the conclusion that he had committed an aggravated felony based on only the charging information and an abstract of judgment. Counsel, I want to sort of move you to the point that is of concern to me about your argument, and that is after the filing of your briefs, this court decided a case called Anaya Ortiz, which seems to do in your argument that the abstract is not a document that can be relied upon. What is your post-Anaya argument? Sure. Well, first I would like to begin by saying that Anaya looks to the Snellenberger and Bonk opinion, which I believe you're familiar with. Yes. And in Snellenberger, the court did not address abstracts of judgment. No, but Anaya did. Correct. And it applied Snellenberger consciously and said, we have this new way of looking at things, we're going to apply it. And Anaya failed to recognize Navidad-Marcos or the entire progeny of cases subsequent to Navidad-Marcos. Immediately after Shepard, this Court began making rulings on which documents besides the ones listed in Shepard, the BIA or the BIA plea agreement, and the colloquy, the transcript of the colloquy between the judge and the defendant, which other documents were comparable judicial records that would be reliable for determining the quality of a conviction? And in Anaya ortiz I'm sorry, I was just going to say, there's no doubt that there were some pre-Snellenberger cases that were supportive of you. Snellenberger being an en banc case did away with anything that preceded it insofar as it was inconsistent with Snellenberger. So what do we make of that? Because Anaya says, well, now we're applying Snellenberger and this is where we end up. Right. So Anaya is applying Snellenberger, but Snellenberger did not rule on abstracts of judgment. And abstracts of judgment are different than minute orders. Well, you know, it would seem possibly that the abstract of judgment might be an even more reliable document than the minute entries. Well, California courts have disagreed with that. California courts have stated that minute orders should be looked at with caution. Minute orders are meant for a very limited purpose. They're meant or, pardon me. I guess maybe we're at cross points because Snellenberger said that these minute entries were reliable. Correct. And so then we go on to, is an abstract of judgment less reliable? Yes. Yes, it is. Why?  First, let's look at the function. The function of an abstract of judgment is simply to provide an executing officer with the sentence and the actual statute that the plea or the judgment was rendered under. And there's a space for crime. Is that supposed to be left blank? No. But the form does not, and this is what the ruling was in Navidad-Marcos, the form does not anticipate that the underlying facts, the predicate for the plea would be included there. And this document does not bear the weight that Shepard imposes on what a reliable document would be. And I believe that it is distinguishable from a minute order. If you go back to the Snellenberger opinion, the en banc opinion, there, the rationale with respect to minute orders was that the minute order is entered by the clerk to reflect the proceedings. And in reflecting the proceedings, you would anticipate that would reflect some of the basic factual elements that underlie the defendant's plea, which falls directly in line with the protections that Shepard was attempting to put in place. The problem with this, to me, seems to be that you're simply arguing with the conclusions reached by Anaya-Ortiz, and we're faced with Anaya-Ortiz. Well, Anaya-Ortiz can be dealt with without having either to reverse all of Navidad-Marcos and all of its progeny, basically all of the cases on abstracts of judgment, and whether they can be relied on to determine the quality of a conviction. And that is by looking at Sandoval v. Sandoval-Sandoval. In Sandoval-Sandoval, this Court said, okay, in Navidad we said you cannot look at an abstract of judgment to determine the quality of the conviction, but you can look at it to determine those things for which it is intended, for example, the length of a sentence. Counsel, let me just ask this maybe a different way, and I know I'm kind of pushing you on this, but if we find ourselves bound by Anaya-Ortiz, by its own terms, which looks at this State and at this type of document, do you lose? I mean, is there any way that you can prevail if we are fully bound by Anaya-Ortiz? Yes, Your Honor, but in order to do that, we need to turn to the factual basis in this case in order to finish the analysis on Anaya. If you look at Sandoval-Sandoval, the reasoning there is you can look at this abstract for purposes of determining the length of a judgment, which will oftentimes show you whether or not, for example, the underlying conviction was for a felony. And in Anaya-Ortiz, that was what this Court actually used the abstract of judgment to determine, was the length of the sentence. This Court does not have to accept what is dicta in Anaya-Ortiz, where this Court discussed whether or not Snellenberger en banc applied to abstracts of judgment, something that Snellenberger en banc could have addressed because it was raised in Snellenberger 1. Now you think that we would have to take this case in bank in order to do that? To review Anaya? Yes. So that's your bottom line. Anaya-Ortiz is – if you were to rule that Anaya-Ortiz has come to the conclusion that these abstracts of judgment, these single-sheet documents created solely for the purpose of giving authority to an executing officer are sufficient under Shepard and the protections under Shepard to determine what the underlying conviction was in order to remove someone from the country, then this – that ruling would be in direct contradiction with an entire line of Ninth Circuit panel cases, and this would have to be heard en banc. Now, if I can quickly transition to – you know, let me do the factual bit on the last few minutes. I'd like to reserve the remaining time for my rebuttal. Okay. Thank you. If it may please the Court, Ari Nazaroff, representing the Attorney General of the United States. Could you speak more loudly? I'm sorry. If it may please the Court, Ari Nazaroff, representing the Attorney General of the United States. I would just like to raise a couple of quick points. Opposing counsel submitted a certified plea agreement as part of their brief. That was not on the record before the board, so it's not before this Court. And they also argued that the abstract is potentially inaccurate, and that argument has not been exhausted at the board, and it's not before this Court. It is the government's position that an I.R.T.'s foreclosures in the argument that the board erred in this decision. If this Court has no further questions, the government will rest. I don't. I don't believe so. Thank you, Your Honor. You're back. The issue of whether or not an abstract of judgment is a reliable piece of evidence that courts can look at in order to determine the quality of a conviction is illustrated in this case. The abstract of judgment in Mr. Garcia's case, and this is covered in the briefing, but if you were to look at the language in the abstract itself, it says, possession of meth, possession of substance for sale to wit methamphetamine. And the question is, where does that to wit methamphetamine come from? Because that's the fact that's in question here. Is that, in fact, what he pled to? If you go and you look at the information, that same exact phrasing is used. It's verbatim, to wit methamphetamine. No one says to wit methamphetamine. It looks as though the clerk, without looking at any of the documents that Shepard says the Court ought to look at, to determine, you know, through a narrowing of the case by the plea. None of those documents were reviewed. Instead, it appears that the clerk simply looked at the charging information, which on its own has repeatedly been ruled to be insufficient to determine what the plea was with respect to, and transcribed it. That's not a reliable document. Now, in addition, we have submitted the plea agreement and requested that the Court  Sotomayor, what is your response to the argument that the issue about the plea agreement being allegedly inconsistent was not raised below, and therefore, we'd like jurisdiction to consider that argument? The plea agreement is presented for illustration. And the illustration is that there is an opportunity for the defendant and for his counsel to put down the facts that are the predicate for the plea, and in those spaces, they had X'd out those lines, and that that is what the government agreed to. When the DA signs at the bottom of the plea agreement, that's what the government agreed to. It's simply illustrative that you have an abstract of judgment that includes a fact that is nowhere in the plea agreement. And the California Supreme Court has stated, and this Court has adopted the position in Navidad-Marcos, that an abstract of judgment cannot modify or add to the plea agreement it purports to summarize. That's the sole purpose of putting the plea before this Court. Thank you, counsel. You have exceeded your time. We appreciate the arguments, and the case argument is submitted.
judges: Fletcher B. , Canby, Graber